UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN TORRES,

Plaintiff,

-against-

WARDEN M. LICON VITALE; A.W.
SKIPPER-SCOTT; CAPT. BIEZ; "JOHN
DOE" MCC OFFICER WHO BROUGHT
THE GUN TO UNIT 7 NORTH,

Defendants.

20-CV-3787 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently detained at the Metropolitan Correctional Center ("MCC"), brings this

*pro se* action, alleging that Defendants violated his federal constitutional rights. The Court

liberally construes Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act

("FTCA"). By order dated June 17, 2020, the Court granted Plaintiff's request to proceed

without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] The Court grants Plaintiff leave

to submit an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action using the Court's prisoner complaint form for actions under 42 U.S.C. §1983. The following facts and assertions are taken from the complaint. On an

unspecified date, a correction officer brought a gun into the facility and gave it to an inmate who was "a known gang member." (ECF No. 1, at 4.) Because of the gun, MCC instituted a lockdown from March 2, to March 6, 2020, which ended when correction officers found the loaded gun. (*Id.*)

"[E]veryone's life was clearly in danger due to the officer bringing the gun in," and Plaintiff, who is "mentally [distraught]," traumatized, and "constantly thinking of [his] safety," became even more traumatized. (*Id.*) He could not sleep and became "anti-social," "think[ing] the worse of anyone next to" him. (*Id*. at 5.) Additionally, as a result of the lockdown, Plaintiff did not have "showers or cleaning supplies" for five days and had only "[one] hot meal a day." (*Id.*) He was "housed with inmates who were sick and taken to hospitals with possible symptoms of COVID-19." (*Id.*) Plaintiff also tried and failed for two months to obtain treatment for several injuries, including "back pains," a "swollen jaw," and a "broken tooth," resulting from a fall off his bunk bed, which has no ladder. (*Id.*)

Plaintiff sues four Federal Bureau of Prisons ("BOP") officers: (1) Warden M. Licon-Vitale, (2) former Acting Warden Shirley Skipper-Scott, (3) MCC Captain Biez, and (4) the John Doe officer who brought the gun into the jail. Plaintiff does not ask for a specific type of relief, but asserts, "I would have to speak to a lawyer before I state what I would like to happen." (*Id.* at 5.)

## DISCUSSION

The Court liberally construes the complaint as asserting that (1) Plaintiff's constitutional rights were violated when a correction officer brought a gun into the facility, leaving Plaintiff "traumatized"; (2) the conditions of his confinement during the subsequent lockdown violated his constitutional rights; and (3) he was denied adequate medical care for his back pain, jaw, and broken tooth. (ECF No. 1, at 5.)

A.        *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*

Because Plaintiff alleges that his constitutional rights were violated by employees of the

federal government, the Court liberally construes Plaintiff's complaint as asserting claims under

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought

against state officials under [§ 1983].")*; Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir.

2014) (holding that district court properly construed § 1983 claims brought against federal

employee as arising under *Bivens*). To state a claim for relief under *Bivens*, a plaintiff must allege

facts that plausibly show that: (1) the challenged action was attributable to an officer acting

under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity

secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing

*Bivens*, 403 U.S. at 389). *Bivens* relief is available only against federal officials who are

personally liable for the alleged constitutional violations. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860

(2017); *Turkmen v. Hasty*, 789 F3d 218, 233 (2d Cir. 2015).

The Supreme Court has recognized *Bivens* claims in three contexts: (1) unreasonable

search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment

discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3)

inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson v. Green*, 446

U.S. 14 (1980). *See Ziglar*, 137 S. Ct. at 1854-55.

The Supreme Court has made it clear that further expanding *Bivens* beyond these three

contexts "is now a disfavored judicial activity." *Id.* at 1857 (internal quotations omitted). To

determine whether a *Bivens* remedy is available for a constitutional injury, courts engage in a

two-step process. First, a court must determine whether the claim falls within one of the

recognized *Bivens* actions or whether it presents a new context that is "different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court. *Id.* at 1859.

Second, if the claim arises in a new context, a court must then consider whether there are "special factor[s] counseling hesitation" in creating a new *Bivens* remedy. *Id.* at 1858. In making that determination, courts must ask "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 1857-58. "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id.* at 1858.

**B.     Plaintiff's claims arising from the gun in the facility and conditions during lockdown**

The Court liberally construes the complaint as asserting failure-to-protect claims arising from the gun in the facility and as challenging Plaintiff's conditions of confinement during the subsequent lockdown. District courts in this Circuit have held that both types of claims present a new *Bivens* context and found them to present special factors counseling hesitation in expanding the *Bivens* remedy. *See, e.g.*, *Fernandini v. United States*, ECF 1:15-CV-3843, 150, 2019 WL 2493758, at *10 (S.D.N.Y. Feb. 14, 2019), *report and recommendation adopted in part, rejected in part*, ECF 1:15-CV-3843, 153, 2019 WL 1033797 (S.D.N.Y. Mar. 5, 2019) (declining to extend *Bivens* to Fifth Amendment conditions of confinement claim related to broken toilet, lack of cleaning supplies, and rat infestation); *Cannenier v. Skipper-Scott*, ECF 1:18-CV-2383, 56, 2019 WL 764795, at *5 (S.D.N.Y. Feb. 20, 2019) (holding failure-to-protect claims present a new Bivens context and finding special factors counseling hesitation, including availability of alternative relief and Congress's legislation in the area of prisoners' rights).

And even if a *Bivens* remedy was available, Plaintiff has failed to alleged facts suggesting that the defendants were personally involved in violating his rights. He alleges that he was denied showers and hot meals while the facility was in lockdown, but he fails to allege that any defendant was personally involved in initiating the lockdown or in denying any of the necessities he mentions. Plaintiff similarly alleges that a John Doe correction officer brought a gun into the facility, but he does not allege that the John Doe officer knew or should have known that he had a history of mental health issues or that the officer acted with deliberate indifference to his trauma.

## C.    Inadequate medical care

The Fifth Amendment protects federal pretrial detainees from deliberate indifference to their serious medical needs.[2] *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Darnell v. Pineiro*, 849 F.3d 17, 21 n.3 (2d Cir. 2017). Federal pretrial detainees may bring a Fifth Amendment claim for failure to provide medical treatment as a *Bivens* action because such a claim bears a strong resemblance to the claim in *Carlson. See, e.g.*, *Laurent v. Borecky*, No. 17-CV-3300 (PKC) (LB), 2018 WL 2973386, at *5 (E.D.N.Y. June 12, 2018).

To assert a claim for inadequate medical care, a plaintiff must plead facts showing that (1) the deprivation of medical care is objectively "sufficiently serious" in light of a medical condition "that may produce death, degeneration, or extreme pain," *Hill*, 657 F.3d at 122, and

---

[2] Plaintiff states that he is detained at MCC for an alleged probation violation. (ECF No. 1, at 2.) The Second Circuit has not fully addressed whether a probationer awaiting further proceedings is considered a prisoner or pretrial detainee, but courts in this district have held alleged probation violators are akin to pretrial detainees. *See Gomez v. Westchester Cty.*, ECF 1:19-CV-1335, 47, 2020 WL 635577, at *8 (S.D.N.Y. Feb. 11, 2020); *Reinoso-Delacruz v. Ruggerio*, No. 3:19-CV-149 (SRU), 2019 WL 2062434, at *3 (D. Conn. May 9, 2019) (same).

(2) "the defendant-official . . . intentionally . . . or recklessly failed to act with reasonable care . . . even though the defendant-official knew, or should have known," that the alleged medical condition "posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35; *see also Hill*, 657 F.3d at 122–23.

Plaintiff alleges that he suffers from back pain, a swollen jaw, and a broken tooth as the result of falling off his bunk and that he has been asking to be seen by a doctor for two months. But Plaintiff fails to plead facts suggesting that any individual defendant was personally involved in denying him medical care or otherwise acted with deliberate indifference toward a serious medical need.

The Court grants Plaintiff leave to replead his *Bivens* claim that he was denied adequate medical care. Should he choose to replead, he must name as defendants any officer or officers who were personally involved in the deprivation of his constitutional rights and allege what the officer did. Any amended complaint should also state the relief that Plaintiff is seeking.

D.     **Federal Tort Claims Act**

The Court also construes Plaintiff's complaint to allege claims for damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80.

The FTCA provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C.

§§ 2401(b), 2675(a); *A.Q.C. ex rel Castillo v. United States*, 715 F. Supp. 2d 452, 457 (2d Cir.

2010) (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998)).

"Failure to exhaust the agency's administrative remedies within the statute of limitations

will render the claim 'forever barred.'" *Roberson v. Greater Hudson Valley Family Health Ctr.,*

*Inc.*, ECF 1:17-CV-7325, 17, 2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018) (quoting

*Castellanos v. Elrac Inc.*, No. 07-CV-2191 (DLE) (KAM), 2008 WL 919641, at *2 (E.D.N.Y.

Apr. 3, 2008)). The exhaustion requirement is jurisdictional and cannot be waived. *Celestine v.*

*Mount Vernon Neighborhood Health Cir.*, 403 F.3d 76, 82 (2d Cir. 2005).

Plaintiff does not assert any facts suggesting he filed a claim with the BOP for money

damages or that he received a final written determination from the BOP. Therefore, he has failed

to meet the FTCA exhaustion requirement and his claim must be dismissed. If Plaintiff wishes to

pursue an FTCA claim, he must allege facts in the amended complaint indicating that he

exhausted his administrative remedies by filing a claim with the BOP and receiving a written

determination. He must also name the United States as a defendant.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill*, 657 F.3d at 123-24; *Salahuddin v. Cuomo*,

861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts

"should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a

liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v.*

*Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d

794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid

claims under *Bivens* and the FTCA, the Court grants Plaintiff sixty days' leave to amend his complaint to detail his claims.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. **Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.**

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-3787 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED

Dated:   July 9, 2020
        New York, New York

_Louis L. Stanton_
LOUIS L. STANTON
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

                              **-against-**

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes    ☐ No
                    (check one)

___ **Civ.** _____ (   )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's     Name_____
                ID#_____
                Current Institution_____
                Address_____
                _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1     Name _____ Shield #_____
                    Where Currently Employed _____
                    Address _____
                    _____

Defendant  No. 2        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<table>
<tr><td>

**Who did
what?**
</td></tr>
</table>

Defendant  No. 4        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.        Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.        In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.        Where in the institution did the events giving rise to your claim(s) occur?

_____

C.        What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.        Facts:_____

<table>
<tr><td>

**What
happened
to you?**
</td></tr>
</table>

_____

_____

_____

*Rev. 01/2010*                              2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |

_____
_____
_____
_____
_____

| Who else saw what happened? |

### III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

### IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

         Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____      No _____      Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____      No _____      Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____      No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____      No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
                _____

                _____

        2.      What was the result, if any?
                _____

                _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
                _____
                _____
                _____
                _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
                _____
                _____
                _____

_____
_____
_____

    2.      If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*

_____
_____
_____
_____

**VI.     Previous lawsuits:**

<div style="float:left; border:1px solid black; padding:4px;">
On
these
claims
</div>

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.      If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.      Parties to the previous lawsuit:

Plaintiff  _____

Defendants  _____

2. Court (if federal court, name the district; if state court, name the county)  _____
_____

_____ 3.      Docket or Index number  _____

_____ 4.      Name of Judge assigned to your case_____

5.      Approximate date of filing lawsuit  _____

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____

_____

<div style="float:left; border:1px solid black; padding:4px;">
On
other
claims
</div>

C.      Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.      If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.      Parties to the previous lawsuit:

Plaintiff  _____

Defendants  _____

2.      Court (if federal court, name the district; if state court, name the county)  _____
_____

_____ 3.      Docket or Index number  _____

_____ 4.      Name of Judge assigned to your case_____

5.      Approximate date of filing lawsuit  _____

*Rev. 01/2010*                                                6

6.       Is the case still pending?  Yes _____    No _____

If NO, give the approximate date of disposition_____

7.       What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff   _____

Inmate Number        _____

Institution Address     _____

_____

_____

_____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:  _____